EDNA K. HALL, Appellant, v. CARROLL M. HALL, Respondent.

Appeal from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the Chautauqua county clerk's office January 30, 1924, and also from a final judgment entered May 2, 1924, granting an absolute divorce to the defendant.

PER CURIAM: This is an action in which each party seeks an absolute divorce. A jury found both parties guilty of adultery, the plaintiff by an unquestionable preponderance of the evidence, and the defendant admitting his offense in open court. Subsequently, after a trial before the court at Special Term, it was adjudged that plaintiff had condoned defendant's offenses and that she had thereafter again committed adultery. From interlocutory and final judgments in favor of defendant plaintiff appeals. On the trial before the court certain letters from the plaintiff to the defendant, confidential communications, were admitted in evidence. This, concededly, was error. The competency of defendant's own testimony, received in proof of plaintiff's condonation, is attacked. The court below has found that there was ample evidence establishing plaintiff's condonation with full knowledge of defendant's guilt and that plaintiff subsequently committed adultery; and the learned trial court in its opinion states that these findings were made in entire disregard of said confidential communications and said testimony of defendant. Our examination of the record convinces us that the reception of the testimony mentioned, taking into consideration the manner in which it was treated, was not prejudicial to plaintiff; and that the conclusions of the trial court are sustained by other competent evidence. The judgments appealed from should be affirmed, without costs. Present — Hubbs, P. J., Davis, Sears, Crouch and Taylor, JJ. All concur, except Crouch, J., who dissents upon the ground that without the testimony of the defendant, who was an incompetent witness, and without the letters (Exhibits P, Q and R) which were privileged communications, defendant failed to sustain the burden of proof on the issue of condonation. Judgments affirmed, without costs.